UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEREMY CLARK,

                    Petitioner,

        v.                                    Case No. 19-cv-181-pp

BRIAN FOSTER,

                    Respondent.

**ORDER OVERRULING OBJECTIONS (DKT. NO. 9); ADOPTING JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 8); DENYING MOTION TO APPOINT COUNSEL (DKT. NO. 17); DENYING MOTION TO EXPEDITE (DKT. NO. 22); DENYING MOTION FOR BAIL BOND (DKT. NO. 23); AND DISMISSING PETITION WITHOUT PREJUDICE**

## I.    Background

On February 4, 2019, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254(d)(1). Dkt. No. 1. He paid the $5.00 filing fee. The clerk's office assigned the case to Magistrate Judge Nancy Joseph, who attempted to screen the petition; her February 13, 2019 order observed that the petition

> [c]onsists of a thirty-four page, single spaced document. Although Clark does not specifically cite the conviction he is challenging, he does state that the criminal complaint was brought against him in 2001 and the Wisconsin Court of Appeals affirmed his conviction in 2002. (Docket # 1 at 2-3.) Clark seemingly alleges multiple grounds for relief, including, but not limited to, ineffective assistance of trial and appellate counsel, sufficiency of the evidence, and various other due process violations. It is unclear from the face of the petition whether he properly exhausted his state court remedies as to all or some of these claims by presenting them not only to the Wisconsin Court of Appeals, but to the Wisconsin Supreme Court. Also, given

1

the age of Clark's conviction, it is possible his habeas petition is
untimely under 28 U.S.C. §2244(d).

Dkt. No. 4 at 1-2. Given these deficiencies, Judge Joseph ordered the petitioner

to file an amended petition using the *habeas* form approved for use in the

Eastern District of Wisconsin. Id. She ordered the petitioner to list the

conviction he was challenging and his grounds for relief and supporting facts,

and to explain whether he had exhausted his state remedies on each ground

for relief. Id. at 2. Judge Joseph gave him two weeks from the date of her

order—until February 28, 2019—to file the amended petition. Id. She informed

the petitioner that if he failed to file a new petition, she would recommend that

this court deny the petition. Id. With the order, Judge Joseph sent a copy of the

*habeas* form she instructed the petitioner to use.

On the day of the deadline, the petitioner filed a "Notice of Common Law

Objection and Remedy." Dkt. No. 6. The filing accused the clerk's office of

deceiving the petitioner into consenting to the jurisdiction of a magistrate

judge. Id. at 1. He accused Judge Joseph of "bias and prejudice against black

incarcerated persons," id. at 2, and indicated his suspicion that Judge Joseph

was personally involved in confiscating documents related to his original

*habeas* petition, id. at 5.

Judge Joseph issued an order the same day. Dkt. No. 7. She informed

the petitioner that his "objection" was not proper because she had not yet

issued a recommendation. Id. at 1. She informed the petitioner that under the

Local Rules for the Eastern District of Wisconsin,

> [a]ll persons applying or petitioning for release from custody under
> 28 U.S.C. §2241 or 28 U.S.C. §2254, or moving under 28 U.S.C.
> §2255 to challenge a sentence imposed by this Court must file their
> application, petition, or motion with the Clerk of Court using forms
> available from the Court. The Clerk of Court will provide the forms
> and directions for their preparation without charge.

Id. at 1 (citing Civil L.R. 9(a) (E.D. Wis.)). Judge Joseph explained that the petitioner should use the provided form because that form would allow her to identify the challenged conviction, the claims asserted and the procedural history of the case. Id. She gave the petitioner another opportunity to file an amended *habeas* petition, this time requiring the petitioner to file by March 14, 2019. Id. She again informed the petitioner that if he did not file an amended petition, she would recommend dismissal. Along with her February 28, 2019 order, Judge Joseph sent the petitioner another copy of the *habeas* form she instructed him to use.

The court did not receive an amended petition by March 14, 2019. Four days later, Judge Joseph issued a report recommending that this court dismiss the case. Dkt. No. 8. Judge Joseph recounted that she had issued two orders instructing the petitioner to file his amended petition on the proper form. Id. at 1. She observed that she had warned the petitioner that she may recommend dismissal if he failed to follow her orders. Id. Because the petitioner had failed to file an amended petition on the proper form, Judge Joseph recommended dismissing the case without prejudice under Civil L.R. 41(c). The clerk's office assigned the case to this court for final resolution.

Within ten days, the petitioner filed "objections" to Judge Joseph's report and recommendation. Dkt. No. 9. His objections stated that he never had

consented to proceed in front of a magistrate judge. Id. at 1. He objected to Judge Joseph's report and recommendation because of her "being personally bias and prejudice against black incarcerated persons, and cannot impartiality [sic] determine their civil actions." Id. at 2. He alleged that Judge Joseph intentionally failed to comply with Rule 4 of the Rules Governing §2254 Cases despite her acknowledgement that he had stated multiple grounds for relief. Id. He argued that Judge Joseph's statement "Clark seemingly alleges multiple grounds for relief" was a concession that his petition should survive Rule 4 screening. Id. He stated that he had been "generally influence[d] by prison rumors" because he suffers from paranoia which causes him to believe that rumors are true, "especially relates to white folks." Id. He stated that he'd been influenced by prison rumors "that magistrate Nancy Joseph is bias towards black litigants, and if she does not receive some sort of gift[,] [s]he will rule against black litigants as she done here, in favor of the State or if some other [party] bribe her." Id. He argued that Judge Joseph's recusal was required under 28 U.S.C. §455(a). Id. at 3.

On the same day the court received his objections, the court received from the petitioner a notice of interlocutory appeal, dkt. no. 10, and a motion for leave to appeal without prepayment of the filing fee, dkt. no. 12. A month later, the Seventh Circuit dismissed the interlocutory appeal because the petitioner had moved to voluntary dismiss it. Dkt. No. 16.

On May 21, 2019, the court received from the petitioner a motion to appoint counsel, dkt. no. 17, together with a brief in support of the motion,

4

dkt. no. 18. That same day, the court received a letter from the petitioner, asking the court about the status of his petition. Dkt. No. 19. The petitioner has sent the court additional letters inquiring about the status of his case and has filed a motion to expedite the court's consideration of his case (dkt. no. 22). Finally, the petitioner has filed a "motion for bail bond" which asks the court to grant him a "bail bond" because of the court's excessive delay in addressing his *habeas* petition. Dkt. No. 23.

## II.    Analysis

### A.    Standard of Review

The Federal Rules of Civil Procedure apply in *habeas* cases. Rule 12, Rules Governing Section 2254 Cases in the United States District Court. Rule 72(b)(1) allows a district court to refer a case to a magistrate judge, who then "conduct[s] the required proceedings," and "enter[s] a recommended disposition." Fed. R. Civ. P. 72(b)(1). A dissatisfied party has fourteen days from the date the magistrate judge issues the recommendation to file "specific written objections." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which an objection is made"). The petitioner must specify "each issue for which review is sought," but need not specify "the factual or legal basis of the objection." Johnson v. Zema Sys. Corp., 170 F.3d 734, 741 (7th Cir. 1999). The district court is required to conduct a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." Id. at 739. If no

objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Id. (citations omitted). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Wees v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 925, 943 (7th Cir. 1997).

B.    Application

The petitioner did not object to the grounds on which Judge Joseph based her recommendation—his failure to file an amended petition on the proper form and his failure to diligently prosecute his case. He has not offered an excuse for failing to follow Judge Joseph's orders. He hasn't explained why he refused to file an amended petition on the form required by this district's local rules. Civil L.R. 9(a). Judge Joseph ordered the petitioner to follow the local rules and gave him two chances to comply with that order; it appears from the docket that Judge Joseph sent *habeas* forms along with both her February 13, 2019 order and her February 28, 2019 order. This court can conclude only that the petitioner ignored Judge Joseph's orders. The court cannot find that Judge Joseph committed clear error in dismissing the petitioner's *habeas* petition without prejudice. If the petitioner did deliberately ignore Judge Joseph's orders, she may have had grounds to dismiss the petition *with* prejudice. Slack v. McDaniel, 529 U.S. 473, 489 (2000) ("The failure to comply with an order of the court is grounds for dismissal with prejudice.")

In his objection, the petitioner says that he never consented to proceed before a magistrate judge. The petitioner says that the clerk's office "tricked" him into signing the consent form by sending him a letter telling him he had to sign the form. The court has reviewed the letter the clerk's office sent, dated February 5, 2019. Dkt. No. 2. That form simply says, "Please complete and submit the magistrate form . . . within 21 days of the date of this letter." Id. It does not tell him whether to consent or refuse to consent.

Judge Joseph has not entered a final order in the case. She has made a recommendation to this court. The petitioner says that he does not consent to Judge Joseph making a recommendation, but Judge Joseph did not need his consent to make a recommendation. The Federal Rules of Civil Procedure explicitly allow the district court to assign matters to a magistrate judge for a recommendation without the consent of a party; Federal Rule of Civil Procedure 72(b)(1) provides that "[a] magistrate judge must promptly conduct the required proceedings when assigned, *without the parties' consent*, to hear a pretrial matter dispositive of a claim" and requires a magistrate judge to "enter a recommended disposition[.]" Fed. R. Civ. P. 72(b)(1) (emphasis added). That's exactly what Judge Joseph did in this case.

The petitioner believes that Judge Joseph's statement, "Clark seemingly alleges multiple grounds for relief, including but not limited to, ineffective assistance of trial and appellate counsel, sufficiency of the evidence, and various other due process violations," proves that he is entitled to relief. It does not. As Judge Joseph noted, she could not determine which conviction the

petitioner sought to challenge in his petition. Judge Joseph could have simply recommended in the first instance that this court dismiss the petition. Instead, she gave him not one, but two chances to clarify his petition, so that she could figure out which conviction (or convictions) he was challenging, whether he had exhausted his remedies (raised his issues in each level of state court) and whether his petition was timely. Rather than taking advantage of those opportunities, the petitioner ignored them.

The petitioner's argument that Judge Joseph should have recused herself has no merit. 28 U.S.C. §455(a) requires "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned." The petitioner says that he's heard prison rumors that Judge Joseph is biased, and asserts that she demonstrated her bias against him by refusing to conduct a Rule 4 analysis of his petition. Dkt. No. 9 at 2. The petitioner falls far short of showing that Judge Joseph should have recused herself. "Prison rumors" hold no weight in a court of law and the court will not entertain such argument. The petitioner claims that Judge Joseph showed partiality by ruling against him; he ignores the fact that Judge Joseph gave him multiple chances to amend his thirty-four-page single-spaced petition (that failed to specify the conviction he challenged) so that she could make sense of it and properly screen it. Moreover, her ruling is not a basis for recusal, because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . Almost invariably, they are proper grounds for appeal, not for recusal." Litecky v.

_United States_, 510 U.S. 540, 555 (1994); see also Brown v. Foster, Case No. 16-cv-1497, 2018 WL 1115515, at *3 (E.D. Wis. Sept. 27, 2018).

Judge Joseph gave the petitioner two opportunities to file a petition that she could intelligently review. He ignored those opportunities. Judge Joseph did not err in recommending that this court dismiss the petition.

## III. Remaining Motions

Because the court is accepting Judge Joseph's recommendation and dismissing the petition, the plaintiff's motion for appointment counsel is moot. Dkt. No. 17. Even if the court were not dismissing the petition, prisoners do not have a constitutional right to counsel for collateral attacks on their convictions. Cannon v. United States, 326 Fed. App'x 393, 395 (7th Cir. 2009).

The petitioner filed a motion asking this court to expedite its ruling. Dkt. No. 22. The court regrets that it did not act more quickly on the petition; the court's crowded docket and the fact that the court is short one district judge contributed to the delay.

Finally, the petitioner asked the court to release him on bond pending its decision. Dkt. No. 23. The court will deny that motion, because the court is dismissing the petition.

## IV. Conclusion

The court **OVERRULES** the petitioner's objections to Judge Joseph's report and recommendation. Dkt. No. 9.

The court **ADOPTS** Judge Joseph's recommendation. Dkt. No. 8.

The court **ORDERS** that the petition is **DISMISSED without prejudice** for the petitioner's failure to diligently prosecute his petition.

The court **DENIES as moot** the petitioner's motion to appoint counsel. Dkt. No. 17.

The court **DENIES as moot** the petitioner's motion to expedite. Dkt. No. 22.

The court **DENIES as moot** the petitioner's motion for bail bond. Dkt. No. 23.

Dated in Milwaukee, Wisconsin this 14th day of January, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**