UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEREMY CLARK,

        Petitioner,

  v.                                         Case No. 19-cv-181-pp

BRIAN FOSTER,

        Respondent.

**ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILTY AND DENYING PETITIONER'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 28)**

On January 14, 2020, this court overruled the petitioner's objections and adopted Magistrate Judge Nancy Joseph's recommendation to dismiss the case without prejudice for the petitioner's failure to diligently prosecute it. Dkt. No. 24. The petitioner has appealed that order. Dkt. No. 26

The court's order discussed how the petitioner filed a 34-page, single-spaced petition that did not identify the conviction he was challenging. Dkt. No. 24 at 1. Magistrate Judge Nancy Joseph gave the petitioner an opportunity to amend the petition to correct that and other deficiencies, explaining in detail what he needed to do to. Id. at 2. She even sent him a blank form to use to file an amended petition. Id. Rather than following Judge Joseph's directions, the petitioner filed a document titled "Notice of Common Law Objection and Remedy," in which he accused the clerk's office of tricking him into consenting to have Judge Joseph decide his case and accusing Judge Joseph of being

1

biased against "black incarcerated persons." Id. Rather than dismissing the petition, Judge Joseph gave the petitioner *another* opportunity to amend the petition. Id. at 3. The petitioner did not file an amended petition by the deadline Judge Joseph set, so she recommended that this court dismiss the petition without prejudice. Id.

The petitioner objected to Judge Joseph's recommendation, again accusing Judge Joseph of bias and other misconduct. Id. at 4. This court overruled that objection and dismissed the petition, because Judge Joseph gave the petitioner two chances to amend his petition and he ignored them both, choosing instead to bring unfounded and absurd accusations against Judge Joseph.

In its order of dismissal, the court *did* make one error. "A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." Buck v. Davis, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). He first must obtain a certificate of appealability. See 28 U.S.C. §2253(c)(1). This court may issue a certificate of appealability only if the petitioner makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Peterson v. Douma, 751 F.3d 524, 528 (7th Cir. 2014) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). In its order of dismissal, this court failed

to indicate whether it was granting a certificate of appealability. It rectifies that error here—the court declines to issue a certificate of appealability because no reasonable jurist could debate that the petitioner failed to file a comprehensible amended petition on the proper form and failed to diligently prosecute this case.

The petitioner also has asked the court to waive prepayment of the $505 filing fee associated with filing an appeal. The court has declined to grant a certificate of appealability. In the event that the court of appeals concludes that the court erred in that record, however, the court notes that under Federal Rule of Appellate Procedure 24(a)(3), a district court may allow an appellant to proceed without prepaying the appellate filing fee if it finds the appellant to be indigent and the appeal to be taken in good faith. Fed. R. App. P. 24(a)(3). Because the Prison Litigation Reform Act does not apply to *habeas* cases, Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000), the court decides whether a *habeas* appellant is indigent by relying on the information the petitioner provides in his affidavit of indigence. See Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996).

The petitioner did not file an affidavit of indigency; again, he did not use the form affidavit. His self-created "Petition and Affidavit in support of Request to proceed In Forma Pauperis on Appeal action" states that he is "unlawfully incarcerated, unemployed and without funds to pay the filing fee in this matter to perfect the appeal." Dkt. No. 28 at 1. It says that "[t]he undersigned only

3

Case 2:19-cv-00181-PP   Filed 06/11/20   Page 3 of 5   Document 32

receives $ 0  from the DOC for work assignment within prison each month." Id.

Even if that brief statement was sufficient to show that the petitioner is indigent, the court could not find that the petitioner filed this appeal in good faith. Admittedly, courts should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962).

The court has declined to issue a certificate of appealability. The Seventh Circuit, however, has warned district courts against conflating the good faith and certificate of appealability standards; declining to issue a certificate of appealability "is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000). "To determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Id. On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, claims that no reasonable person could suppose have any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

4

The court's January 14, 2020 order adopted Judge Joseph's recommendation to dismiss the case because the petitioner did not object to the grounds on which Judge Joseph based her recommendation; "[h]e has not offered an excuse for failing to follow Judge Joseph's orders." Dkt. No. 24 at 6. The petitioner argued that he had not consented to the jurisdiction of a magistrate judge and called Judge Joseph "personally bias and prejudice against black incarcerated persons[.]" Dkt. No. 24 at 4 (citing Dkt. No. 9 at 2.). The court found both of these contentions absolutely meritless. It concluded that the petitioner had ignored Judge Joseph's orders. Because the petitioner never has explained why he ignored Judge Joseph's orders, the court cannot find that his appeal is taken in good faith. It will deny his motion to waive prepayment of the $505 appellate filing fee.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **DENIES** the petitioner's motion for leave to proceed without prepaying the appellate filing fee. Dkt. No. 28.

Dated in Milwaukee, Wisconsin this 11th day of June, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**